An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCO ANTONIO GUZMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62380

**FILED**

OCT 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of first-degree murder with the use of a deadly weapon and second-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

*Concession of guilt*

Appellant Marco Antonio Guzman contends that he is entitled to a new trial because defense counsel unconstitutionally conceded his guilt without his consent. However, "a concession strategy does not involve the waiver of a constitutional right that must be knowing and voluntary. A concession of guilt is simply a trial strategy—no different than any other strategy the defense may employ at trial." *Armento-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013). "If [Guzman] is dissatisfied with the strategy, he may challenge the reasonableness of counsel's performance," *id.*, but he must pursue his challenge in a post-conviction petition for a writ of habeas corpus, *see Rippo v. State*, 122 Nev. 1086, 1095, 146 P.3d 279, 285 (2006) ("Claims of ineffective assistance of trial or appellate counsel are properly raised for the first time in a timely first post-conviction petition.").

SUPREME COURT
OF
NEVADA

(O) 1947A

14-35991

*Sufficiency of the evidence*

Guzman contends that there was insufficient evidence to support his second-degree murder conviction. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). Here, the jury heard testimony that Guzman, Charles Deverna, Nathan Gray, and Anthony Dickerson went to Dickerson's apartment to retrieve a printer. Once inside the apartment, Dickerson attacked Guzman and the two began fighting over a handgun. Deverna broke up the fight and was able to separate Dickerson from Guzman. However, Guzman still held the handgun and everyone else stood with their hands in the air and their palms facing outward. As Dickerson backed towards a wall with his hands up, Guzman shot him. Dickerson was shot twice, once in the chest and once in the back. We conclude that a rational juror could reasonably infer from this evidence that Guzman committed second-degree murder and was not acting in self-defense when he shot and killed Dickerson. *See* NRS 200.010(1); NRS 200.020; NRS 200.030(2); *People v. Hardin*, 102 Cal. Rptr. 2d 262, 268 n.7 (Ct. App. 2000) (the right to use force in self-defense ends when the danger ceases). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports its verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

*Inadmissible hearsay*

Guzman contends that the State improperly elicited testimony describing Debra Jo Tackett's and Dickerson's out-of-court statements to present a motive for the killings. He argues that these hearsay statements violated his Sixth Amendment right to confront his accusers because neither Tackett nor Dickerson were available. As a general rule, we review a district court's evidentiary rulings for an abuse of discretion, *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008), Confrontation Clause issues de novo, *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009), and unpreserved issues for plain error, *Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 636-37 (2010). "An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record. At a minimum, the error must be clear under current law, and, normally, the defendant must show that an error was prejudicial in order to establish that it affected substantial rights." *Saletta v. State*, 127 Nev. ___, ___, 254 P.3d 111, 114 (2011) (internal quotation marks, brackets, and citations omitted). Here, the record reveals that Guzman objected to the testimony elicited by the State on hearsay and foundation grounds, the district court sustained his objections, and the district court instructed the jury to disregard the testimony. The record does not reveal that Guzman objected to any of the testimony on Confrontation Clause grounds, the alleged error does not appear plainly from the record, and we conclude that Guzman has not demonstrated plain error in this regard.

*Ineffective assistance of counsel*

Guzman contends that defense counsel was ineffective for failing to call several obvious witnesses to support his theory of the defense. "This court has repeatedly declined to consider ineffective-

assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless." *Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006). As Guzman has not demonstrated that either of these exceptions applies, we decline to consider this contention on direct appeal.

*Autopsy photographs*

Guzman contends that the district court erred by admitting crime scene and autopsy photographs of the victims because they were inflammatory and cumulative. "The admissibility of gruesome photographs showing wounds on the victim's body lies within the sound discretion of the district court and, absent an abuse of that discretion, the decision will not be overturned." *Flores v. State*, 121 Nev. 706, 722, 120 P.3d 1170, 1180 (2005) (internal quotation marks omitted); *see also Robins v. State*, 106 Nev. 611, 622, 798 P.2d 558, 565 (1990) (discussing autopsy photographs). The record reveals that the district court viewed the photographs, heard the parties' arguments, required the State to lay a foundation as to the autopsy photographs, and found that the photographs were more probative than prejudicial. We conclude that the district court did not abuse its discretion in this regard.

*Erroneous jury instructions*

Guzman contends that the district court improperly instructed the jury on premeditation and deliberation. The district court overruled Guzman's objection to this instruction after determining that it was an accurate statement of law. We note that the instruction is identical to the premeditation and deliberation instruction set forth in *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000), and we conclude that the district court did not abuse its discretion in this regard. *See Crawford v.*

*State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reviewing a district court's settlement of jury instructions for abuse of discretion). Guzman also challenges the reasonable doubt, implied malice, and equal and exact justice instructions, but he affirmatively waived any objections he had to these instructions during the trial and he has not demonstrated plain error on appeal. *See Berry v. State*, 125 Nev. 265, 282-83, 212 P.3d 1085, 1097 (2009) (reviewing unpreserved challenges to jury instructions for plain error), *abrogated on other grounds by State v. Castaneda*, 126 Nev. ___, 245 P.3d 550 (2010); *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (discussing plain-error review).

*Cumulative error*

Guzman contends that cumulative error deprived him of a fair trial and warrants reversal of his conviction. However, because Guzman has failed to demonstrate any error, we conclude that he was not deprived of a fair trial due to cumulative error.

Having concluded that Guzman is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                              Cherry

cc:    Hon. David B. Barker, District Judge
        Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk